355 S.E.2d 39

**Michael FRASHER, etc.**

v.

**The Hon. C.W. FERGUSON, III, Judge, etc.**

**No. 17499.**

Supreme Court of Appeals of West Virginia.

March 11, 1987.

Charles G. Brown, Atty. Gen., Paul Richard Hull, Senior Asst. Atty. Gen., Charleston, for appellants.

Richard Thompson, Wayne, for appellees.

NEELY, Justice:

This prohibition proceeding arises out of a dispute between George Beter, a Huntington lawyer, and Michael Frasher, Executive Director of West Virginia Public Legal Services Council. Mr. Beter was court-

appointed counsel for several indigent criminal defendants in Wayne County. Although the record is unclear regarding the precise facts leading up to the dispute, it appears that Mr. Beter one day appeared at a hearing in Wayne County Circuit Court at which he represented several of his indigent clients on separate and distinct charges. Mr. Beter submitted fee vouchers billing *each* of his clients for the *entire* time he spent representing all of them that day, including travel time to and from the court. Mr. Frasher contends that *W.Va. Code,* 29–21–14 [1981] requires Mr. Beter to bill his clients proportionately.

On 24 November 1986, a motion to require Mr. Frasher to pay Mr. Beter's bill came before the Honorable C.W. Ferguson, III, sitting by temporary assignment as judge of the Twenty-Fourth Judicial Circuit. Judge Ferguson held that *W.Va. Code,* 29–21–14 [1981] did not prohibit the billing method employed by Mr. Beter, and entered an order accordingly.

Mr. Frasher now seeks a writ prohibiting Judge Ferguson from enforcing his order of 24 November 1986. We granted a rule to show cause against the judge under the principles enunciated in *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979). Mr. Frasher alleges two grounds for the writ: (1) Judge Ferguson did not have jurisdiction over the dispute at the time he issued the order of 24 November 1986; and (2) Judge Ferguson's interpretation of *W.Va. Code,* 29–21–14 [1981] is incorrect. Because we agree with petitioner that *W.Va. Code,* 29–21–14 [1981] prohibits the billing system employed by Mr. Beter, we find it unnecessary to reach the question of jurisdiction.

*W.Va.Code,* 29–21–14 [1981] provides in part:

(e) In *each case* in which a public defender corporation or a panel attorney provides legal representation under this article, and in each appeal from conviction in circuit court, *compensation for actual* and necessary *services rendered* shall be at the following rates: * * *. [emphasis supplied].

(h) Vouchers submitted under this section shall specifically set forth the nature of the service rendered, the state of proceeding or type of hearing involved, and the date and place the service was rendered. If the charge against the eligible client for which services were rendered is one of several charges involving multiple warrants or indictments, the voucher shall indicate such fact and sufficiently identify the several charges so as *to enable the court to avoid a duplication of compensation for services rendered.* [emphasis supplied].

■ *W.Va.Code,* 29–21–14 [1981] clearly envisages that court-appointed lawyers will be compensated only for hours *actually* worked and expenses *actually* incurred in rendering services, and that duplicative compensation is unauthorized. When an attorney spends one hour travelling to represent six clients at a hearing, he does not *actually* travel for six hours—he travels for one hour. When an attorney spends two hours representing six clients at a hearing, he does not *actually* work for twelve hours—he works for two hours. Billing for more hours than are actually worked is duplicative billing, which is clearly contrary to the system envisaged by the legislature in enacting *W.Va.Code,* 29–21–14 [1981]. That statute envisages a system in which each client is proportionately billed according to the time spent *actually* representing him.

■ Because the circuit court erred in holding that Mr. Beter's system of billing did not violate *W.Va.Code,* 29–21–14 [1981], the writ for which petitioner prays is granted. The order of the Circuit Court of Wayne County dated 24 November 1986 is vacated, and the circuit court is directed to conduct further proceedings consistent with this opinion.

Writ awarded.